IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Edward Lee Whitlock, Jr., #201405,       )
                                         )      No. 4:20-cv-03151-MBS
              Petitioner,                )
                                         )
v.                                       )
                                         )      **ORDER**
Warden, Kirkland Correctional Institution, )
                                         )
              Respondent.                )
_____)

Petitioner Edward Lee Whitlock, Jr. is a prisoner in custody of the South Carolina

Department of Corrections who currently is housed at Kirkland Correctional Institution in

Columbia, South Carolina.  On September 2, 2020, Petitioner filed a pro se petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b)

and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas

E. Rogers, III for pretrial handling. This matter is now before the court for review of the

Magistrate Judge's Report and Recommendation.

On May 24, 2016, the Greenville County Grand Jury indicted Petitioner for kidnapping

and assault with intent to commit criminal sexual conduct.  ECF No. 16-1 at 63-66.  On July 19,

2016, Petitioner pleaded guilty as indicted and the state court sentenced him to concurrent terms

of 30 years' imprisonment.  *Id.* at 67-68.  Petitioner filed an application for Post-Conviction

Relief ("PCR"), wherein he asserted he was being held in custody unlawfully as a result of a due

process violation and ineffective assistance of counsel for failure to request a mental health

evaluation, among other things.  *Id.* at 13-16.  The PCR court issued an order of dismissal on

May 17, 2018.  *Id.* at 52-62.  Petitioner appealed and filed a petition for writ of certiorari

pursuant to *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).  The South Carolina Court of Appeals

denied the petition on August 13, 2020.  ECF No. 16-5.  Petitioner now raises ineffective

assistance of counsel as his first ground for habeas relief and seeks a determination that he is

eligible for parole as his second ground for relief.[1]  ECF No. 1.

On November 19, 2020, Respondent filed a motion for summary judgment and a return

and memorandum in support thereof.  ECF Nos. 16, 17.  The same day the Magistrate Judge

issued an order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  ECF

No. 18.  On December 2, 2020, Petitioner filed a document titled "Motion for Summary

Judgment," ECF No. 20; he did not otherwise respond to Respondent's motion. Respondent filed

a response in opposition to Petitioner's motion on December 16, 2020.  ECF No. 21.  Petitioner

did not file a reply.

On February 10, 2021, the Magistrate Judge issued a Report and Recommendation

recommending that the court grant Respondent's motion for summary judgment, deny Petitioner's

motion for summary judgment, and dismiss the petition.  ECF No. 26.  The Magistrate Judge

reviewed the petition pursuant to 28 U.S.C. § 2254 and the associated rules governing § 2254

cases, the Antiterrorism and Effective Death Penalty Act of 1955, and other legal precedents.  With

respect to Petitioner's first ground for relief, the Magistrate Judge found:

> [t]he PCR court's rejection of the ineffective assistance of counsel ground for relief
> did not result in an unreasonable application of *Strickland* [*v. Washington*, 466 U.S.
> 668 (1984)] and was not based upon an unreasonable determination of facts in light
> of the state court record. Moreover, Petitioner produced no witnesses or evidence
> in his PCR proceedings to support his assertions that he was mentally incompetent
> at the time of his plea. Because Petitioner fails to show an incorrect application of
> *Strickland* or an unreasonable determination of the facts, the undersigned concludes
> that the PCR court's rejection of Petitioner's claim of an involuntary plea did not
> result "in a decision that was contrary to . . . clearly established Federal law, . . . or

---

[1] Petitioner also asks for mental health treatment.

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

ECF No. 26 at 13 (citations omitted). With respect to Petitioner's second ground for relief, that the court grant him parole eligibility, the Magistrate Judge found that Petitioner is serving concurrent 30-year sentences for the commission of class A felonies and is therefore not eligible under South Carolina law for parole. *Id.* at 14 (citing S.C. Code Ann. §§ 16-3-910, 24-13-100, 24-13-150). The Magistrate Judge further explained that parole eligibility is a question of state law, is not subject to federal review, and is therefore not cognizable for habeas review. *Id.* at 15 (citing *Ramdass v. Aneglone*, 187 F.3d 396, 407 (4th Cir. 1999)).

Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Petitioner of his right to file an objection to the Report and Recommendation. ECF No. 26-1. Neither Petitioner nor Respondent filed an objection.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Notwithstanding Petitioner's failure to file an objection, the court has thoroughly reviewed the record.[2]  The court concurs in the Magistrate Judge's recommendation, ECF No. 26, and incorporates it herein by reference.  Respondent's motion for summary judgment, ECF No. 17, is granted and Petitioner's motion for summary judgment, ECF No. 20, is denied.  The petition for a writ of habeas corpus is denied and dismissed, with prejudice.

<u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

March 17, 2021
Charleston, South Carolina

---

[2] With respect to Petitioner's request for mental health treatment the court notes that the "traditional meaning and purpose of habeas corpus [is] to effect release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 486 n. 7 (1973).  Moreover, this court has no general power to compel action by state officials.  *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (citing *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969) and collecting decisions from other circuit courts).